UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62411-CIV-COHN/SELTZER

SCOTT L. ADKINS and HENRY
C. ADKINS,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Applications to Proceed in District Court Without Prepaying Fees or Costs DE [3][4] of the Plaintiffs, Scott L. Adkins and Henry C. Adkins.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has reviewed the Plaintiffs' claim for viability.  *Stringer v. Doe*, 503 Fed. App'x 888 **2 (11th Cir. 2013)(for proceedings *in forma pauperis* the "court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted.") 28 U.S.C. § 1915(e)(2)(B)(ii).

    Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure*.  See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must plead "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Plaintiffs have filed a three-count Verified Complaint for Injunctive and Declaratory Relief DE [1] through which they seek to enjoin a state court foreclosure sale from taking place on November 25, 2015, and otherwise prevent Deutsche Bank from proceeding in its state court foreclosure action.[1]  Henry C. Adkins was the owner of the property and a defendant in the state court foreclosure action.  Scott L. Adkins does not own the property and was dropped as a party to the state court judgment, but lives on the foreclosed property.[2]

The basis for the Verified Complaint is that Deutsche Bank allegedly never provided Henry Adkins with notice of the trial or the hearing to set the sale date. Notwithstanding the alleged lack of notice, Henry Adkins filed (in the state court action) an objection to the hearing, a motion to strike the hearing from the docket and a notice of unavailability to attend the hearing.[3] The Verified Complaint alleges that the state

---

[1] The Verified Complaint references the state court foreclosure proceedings, *Deutsche Bank Nat'l Trust Co. v. Henry Adkins, et al*, CACE 13-003652 (Fla. 17th Jud. Cir.).  Accordingly, the Court takes judicial notice of the public record filings in the foreclosure action.  *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999)(court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents.")

[2] The Court disagrees with Scott Adkins' assertion that he has standing in this case.  *See Arthur v. JP Morgan Chase Bank*, 569 Fed. App'x 669, 677 (11th Cir. 2014)(non-borrowers lack standing to enjoin state court foreclosure actions).

[3] Indeed, Henry Adkins participated in the foreclosure action and both Plaintiffs attended the state court mediation in February, 2015.

2

court had notice of Deutsche Bank's improper conduct but proceeded to set a sale date, in violation of Florida law.

The Plaintiffs now seek to enjoin Deutsche Bank from proceeding to enforce its state court judgment and from proceeding on the sale. The Court cannot grant the relief requested in the Verified Complaint. Under the federal Anti-Injunction Act, 28 U.S.C. § 2283, a district court may not enjoin state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Congress has not authorized the Court to interfere with state court foreclosure proceedings in the manner requested by the Plaintiffs and the exceptions do not apply. *See Myrtyl v. Nationstar Mortgage LLC*, 2015 WL 4077376 (S.D. Fla. July 6, 2015); *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. App'x 669, 678-79 (11th Cir. 2014). The Court cannot interfere with the state foreclosure sale and thus, cannot grant the relief sought by the Plaintiffs.

In addition, the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. That rule applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Arthur*, 569 Fed. App'x at 675, *quoting Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). The *Rooker-Feldman* doctrine applies where the success of the federal court action would effectively nullify the state court judgment. *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012). Courts regularly apply the *Rooker-Feldman* doctrine to federal challenges of

state court foreclosure judgments.  *See Tenore v. LaSalle Bank, N.A.*  2015 WL 265306 (S.D. Fla. Jan. 21, 2015); *Kohler v. Garlets*, 578 Fed. App'x 862, 864 (11th Cir. 2014); *Mickens v. Tenth Judicial Circuit*, 181 Fed. App'x 865 (11th Cir. 2006); *Harper v. Chase Manhattan Bank*, 138 Fed. App'x 130, 131 (11th Cir. 2005).

"The *Rooker-Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment."  *Myrtyl,* 2015 WL 4077376, *2, *citing Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013). State court proceedings "have ended" for purposes of the *Rooker-Feldman* doctrine when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved or if the state action has reached a point where neither party seeks further action."  *Myrtyl, supra* (citations omitted).[4]  "A claim is inextricably intertwined with a state court judgment if it would 'effectively nullify' the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues."  *Myrtyl,* * 3, *quoting Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009).

Both elements of *Rooker-Feldman* are met in this case. There is nothing left to be resolved in the state court foreclosure action, as final disposition has been entered and no appeal or post-judgment motions have been filed.  In addition, the claims in this federal action are inextricably intertwined with the state court judgment; Plaintiffs' entire Verified Complaint is based on the allegations that the judgment and the sale date

---

[4]A third scenario, which is not applicable here, is when the state proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions remain to be litigated.  *Myrtyl,* *2.

should not have been entered by the state court. The claims brought by the Plaintiffs are indeed claims that could have been brought (and in fact, were brought) in the state court foreclosure proceeding. To raise them in this Court would impermissibly entangle this Court in the state court proceeding. In light of the foregoing, the Court concludes that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii), as the Plaintiffs' Verified Complaint for Injunctive and Declaratory Relief fails to state a claim on which relief can be granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Verified Complaint for Injunctive and Declaratory Relief DE [1] is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to **CLOSE** this case.

2. The Plaintiffs' Applications to Proceed In District Court Without Prepaying Fees or Costs DE [3] and [4] are **DENIED WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of November, 2015.

_____
JAMES I. COHN
United States District Judge